UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12855-RWZ

ALTHEA GARRISON

v.

GERALDINE CUDDYER, *et al.*

MEMORANDUM OF DECISION

October 7, 2014

ZOBEL, D.J.

Plaintiff Althea Garrison sued defendants, seven employees of the Boston Election Department, in their individual and official capacities for damages under 42 U.S.C. § 1983, alleging violations of her rights under the Fifth and Fourteenth Amendments of the United States Constitution. Defendants have moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I. Facts**

According to the complaint, the Boston Election Department ceased sending its annual census form to plaintiff after 2008 because of plaintiff's political aspirations. Plaintiff went to the Election Department to obtain a form in 2011 and subsequent years.

On February 15, 2011, plaintiff was a candidate for City Councilor for District 7 in the special preliminary election for that post, but lost because the Election Department

did not count many of the votes of those who voted for her and rigged the electronic voting machines to produce the Election Department's desired results.  Plaintiff was a write-in candidate for the final election held on March 15, 2011, but again lost because of vote manipulation by the Election Department, leading to her official vote count of only forty-six votes.

On September 27, 2011, plaintiff was a candidate in the preliminary election for City Councilor for District 7.  She again lost due to Election Department vote-rigging, and plaintiff filed a recount petition on October 3, 2011.  The recount occurred four days later, on October 7, but plaintiff was not notified and as a result was not present at the recount.  She was a write-in candidate for the final election on November 8, 2011, and officially received 47 votes, again because the Election Department did not credit some votes for plaintiff.

On September 6, 2012, plaintiff was a write-in candidate in the Democratic state primary election for State Representative for the Fifth Suffolk District.  She received only 63 write-in votes, again as a product of Election Department manipulation.  She ran in the main election on November 6, 2012, but lost, having received only 2,554 votes to the winner's 9,110, again due to Election Department manipulation of vote counts.

In March 2013 plaintiff requested from the Election Department a map of the post-redistricting city counsel district map, but the Department deliberately gave her a copy of the old map.  Plaintiff ran and appeared on the ballot for the September 24, 2013, preliminary election for at-large City Councilor seats, but was not one of the eight

2

elected. This loss was again due to Election Department manipulation of the vote, under the direction of the Mayor of Boston.

**II. Standard of Review**

A complaint should be dismissed when its allegations, taken in the light most favorable to the claimant, fail to state a claim. Fed. R. Civ. P. 12(b)(6); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). A complaint generally need only have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011). A *pro se* plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), but a court will not invent unpled allegations to salvage an actionable claim. See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

Ordinarily, the plaintiff's factual allegations are assumed to be true for purposes of a motion to dismiss. See Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). But where allegations, though "not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual," they need not be credited. Id. (citing Twombly, 550 U.S. at

3

557). "Mere possibility is not enough to state a claim." id. at 596.

### III. Fifth Amendment Claims

The protections of the Fifth Amendment apply to federal, not state, actors. Martinez-Rivera v. Sánchez Ramos, 498 F.3d 3, 8-9 (1st Cir. 2007). Plaintiff does not allege that any of the defendants are federal officials. Accordingly, plaintiff's Fifth Amendment claims are dismissed.

### IV. Fourteenth Amendment Claims

"[I]n considering motions to dismiss courts should . . . eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Despite claims that the defendants discriminated against her based on race, sex, and other grounds and manipulated election results on numerous occasions, the complaint gives no inkling of how those conclusions are meant to be reached from the surrounding facts. If plaintiff "had any basis beyond speculation for charging any one of the named defendants with knowing participation in the wrong, it seems almost certain that this would have been mentioned—if not in the complaint then at least in the opposition to the motion to dismiss." Penalbert-Rosa, 631 F.3d at 596. Plaintiff, however, has provided no such basis. The motion to dismiss is therefore allowed, as the complaint fails to state a claim upon which relief could be granted.

### V. Conclusion

Defendants' motion to dismiss is ALLOWED.

Judgment may be entered dismissing the complaint.

4

|  October 7, 2014                    /s/Rya W. Zobel          
         DATE                          RYA W. ZOBEL
                                 UNITED STATES DISTRICT JUDGE